COUNTY OF WAYNE *v.* PUBLIC SERVICE COMMISSION.

1. PUBLIC SERVICE COMMISSIONS—COUNTIES—PARTIES.

The right or authority to represent rate payers of the county in utility matters before the State public service commission has not been granted to the county by the Constitution, statutes or public service commission rule (Const 1908, art 8, §§ 1, 7, 8, 16, 17, 19, 20, 23, 25, 28; CL 1948, §§ 460.58, 462.26; Administrative Code 1954, §§ R 460.12, R 460.34).

2. SAME—COUNTIES—CITIES—VILLAGES—TOWNSHIPS.

The grant of authority to a county to represent rate payers of the county in utility matters would be a duplication of grant already made to cities, villages and townships (Const 1908, art 8, §§ 1, 7, 8, 16, 17, 19, 20, 23, 25, 28; CL 1948, §§ 460.58, 462.26; Administrative Code 1954, §§ R 460.12, R 460.34).

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE—PARTIES—COUNTIES —PUBLIC SERVICE COMMISSIONS.

The decision that plaintiff, a county, was not a proper party to represent rate payers therein before the public service commission in the matter of emergency restrictions imposed upon gas space-heating service rendered it unnecessary to determine whether plaintiff's bill of complaint failed to state a cause of action, whether plaintiff had failed to exhaust its administrative remedies before the commission prior to bringing suit to declare emergency order invalid and whether or not the commission was required to give notice of the intended exercise of its power to prescribe rules and regulations for service rendered by a public utility.

4. COSTS—CONSTITUTIONAL LAW—PUBLIC SERVICE COMMISSION—GAS.

No costs are allowed in suit by county to declare invalid an emergency order of the public service commission permitting a

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 43 Am Jur, Public Utilities and Services § 216 *et seq.*
[3] 3 Am Jur, Appeal and Error §§ 731, 733; 39 Am Jur, Parties § 9.
[4] 14 Am Jur, Costs § 37.

public utiltiy supplying gas to restrict service for space heating in certain districts, a constitutional question being involved (Const 1908, art 8, §§ 1, 7, 8, 16, 17, 19, 20, 23, 25, 28; CL 1948, §§ 460.58, 462.26; Administrative Code 1954, §§ R 460.12, R 460.34).

Appeal from Ingham; Coash (Louis E.), J. Submitted June 15, 1955. (Docket No. 42, Calendar No. 45,496.)  Decided October 3, 1955.

Bill by county of Wayne against Michigan Public Service Commission to have declared invalid an emergency order permitting the Michigan Consolidated Gas Company to restrict service. Bill dismissed. Plaintiff appeals. Affirmed.

*Gerald K. O'Brien,* Prosecuting Attorney, and *Leonard Simons,* Special Assistant Prosecuting Attorney, for plaintiff.

*Thomas M. Kavanagh,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Daniel J. O'Hara* and *Robert A. Derengoski,* Assistants Attorney General for defendant.

*Amici Curiae:*

*Paul T. Dwyer,* Corporation Counsel, and *James H. Lee,* Assistant Corporation Counsel, for the City of Detroit, and *Dale H. Fillmore,* Corporation Counsel, for the City of Dearborn, on combined brief in support of brief of defendant.

KELLY, J. The sole question presented in this appeal is whether the county of Wayne is authorized to represent rate payers of the county in utility matters brought before the Michigan public service commission.

On June 21, 1950, the county of Wayne filed its bill of complaint in the Ingham circuit court attacking the validity of an emergency order issued by the Michigan public service commission. This order granted to the Michigan Consolidated Gas Company permission to restrict service for space heating in the Detroit, Grand Rapids, Muskegon, Ann Arbor, Greenville-Belding and Big Rapids districts. In granting such permission the commission stated:

"The petition states that at the close of business on May 20, 1950, Michigan Consolidated Gas Company, within its integrated service area, consisting of 7 service districts, has committed itself to serve approximately 272,000 space-heating customers. Prior to the 29th day of July, 1949, Michigan Consolidated Gas Company had in effect certain restrictions upon the use of natural gas within its service area for space-heating purposes. On the 29th day of July, 1949, this commission by its order permitted the removal of these restrictions; and at that time the company had carefully prepared estimates as to what the demands upon its facilities would be for this type of service in the future which estimates at the time showed the supply to be adequate. However, the demand upon the company's facilities has greatly exceeded such estimates. Since the 29th day of July, 1949, the company has approved for service approximately 164,000 new space-heating applications and has connected over 131,000 of these to its distribution system. New applications are daily being made to the company for space-heating service and the company believes that if it continues to approve for connection new space-heating applications without restriction it will jeopardize its ability to serve those customers to whom it is committed for space-heating service during the space-heating season of 1950-1951."

Before granting this petition the commission conducted an investigation, and also had a hearing, so that matters presented would be made under oath.

The county of Wayne contends that as an interested party it was entitled to notice of hearing before such an order could legally be entered. No claim is made that the county, as a gas user, was entitled to such a notice.

A motion to dismiss was granted by the trial court because "said county of Wayne is not a 'party in interest' nor the proper authority to represent the residents of Wayne county in utility matters and it is not the proper authority to represent the gas users and rate payers of that county."

Plaintiff's action was brought under PA 1909, No 300, § 26 (CL 1948, § 462.26 [Stat Ann § 22.45]), which authorizes "any common carrier or other party in interest, being dissatisfied with any order of the commission" to bring an action in the circuit court for the county of Ingham to "set aside any such order."

Michigan Constitution (1908), article 8, under the heading "Local Government," contains 10 sections which should be considered in determining the question presented in this appeal:

"Sec. 1. Each organized county shall be a body corporate, with such powers and immunities as shall be established by law. All suits and proceedings by or against a county shall be in the name thereof. * * *

"Sec. 7. A board of supervisors * * * shall be established in each county, with such powers as shall be prescribed by law. Cities shall have such representation in the boards of supervisors of the counties in which they are situated as may be provided by law.

"Sec. 8. The legislature may by general law confer upon the boards of supervisors of the several

counties such powers of a local, legislative and administrative character, not inconsistent with the provisions of this Constitution, as it may deem proper. * * *

"Sec. 16. Each organized township shall be a body corporate, with such powers and immunities as shall be prescribed by law. All suits and proceedings by or against a township shall be in the name thereof.

"Sec. 17. The legislature may by general law confer upon organized townships such powers of a local, legislative and administrative character, not inconsistent with the provisions of this Constitution, as it may deem proper. * * *

"Sec. 19. No township shall grant any public utility franchise which is not subject to revocation at the will of the township, unless such proposition shall have first received the affirmative vote of a majority of the electors of such township voting thereon at a regular or special election.

"Sec. 20. The legislature shall provide by a general law for the incorporation of cities, and by a general law for the incorporation of villages; such general laws shall limit their rate of taxation for municipal purposes, and restrict their powers of borrowing money and contracting debts. * * *

"Sec. 23. Subject to the provisions of this Constitution, any city or village may acquire, own and operate, either within or without its corporate limits, public utilities for supplying water, light, heat, power and transportation to the municipality and the inhabitants thereof; and may also sell and deliver heat, power and light without its corporate limits to an amount not to exceed 25% of that furnished by it within the corporate limits, and may also sell and deliver water outside of its corporate limits in such amount as may be determined by the legislative body of the city or village; and may operate transportation lines without the municipality within such limits as may be prescribed by law: *Provided,* That the right to own or operate transportation facilities

shall not extend to any city or village of less than 25,000 inhabitants.   *   *   *

"Sec. 25. No city or village shall have power to abridge the right of elective franchise, to loan its credit, nor to assess, levy or collect any tax or assessment for other than a public purpose. Nor shall any city or village acquire any public utility or grant any public utility franchise which is not subject to revocation at the will of the city or village, unless such proposition shall have first received the affirmative vote of 3/5 of the electors of such city or village voting thereon at a regular or special municipal election; and upon such proposition women taxpayers having the qualifications of male electors shall be entitled to vote.   *   *   *

"Sec. 28. No person, partnership, association or corporation operating a public utility shall have the right to the use of the highways, streets, alleys or other public places of any city, village or township for wires, poles, pipes, tracks, or conduits, without the consent of the duly constituted authorities of such city, village or township; nor to transact a local business therein without first obtaining a franchise therefor from such city, village or township. The right of all cities, villages and townships to the reasonable control of their streets, alleys and public places is hereby reserved to such cities, villages and townships."

An examination of the above sections allows but one conclusion, namely: That the right of the inhabitants of cities, townships and villages in utility matters is definitely provided for and in no instance is the county authorized to take away or demand those rights by assuming to exercise same. It is also significant that on the question of franchise for public utilities only the inhabitants of the townships, villages or cities affected by the franchise have the right to express their views on revocation or retention. Likewise, in regard to control of streets, alleys

and public places, said control is reserved to cities, villages and townships.

This Court can find no provision in the Constitution which would grant to the county of Wayne authority to represent rate payers of the county in utility matters before the Michigan public service commission.

The county relies upon CL 1948, § 460.58 (Stat Ann § 22.8), and CL 1948, § 462.26 (Stat Ann § 22.-45), and rules 2 and 24 of the Michigan public service commission.

CL 1948, § 460.58 provides:

"Upon complaint in writing that any  *  *  *  regulation  *  *  *  made or observed by any public utility is unjust  *  *  *  to the prejudice of the complainant, the commission shall  *  *  *  investigate the matter.  *  *  *  Provided, however, That in all cases reasonable notice shall be given to the parties concerned as to the time and place of hearing."

CL 1948, § 462.26 reads in part:

"Any common carrier or other party in interest, being dissatisfied with any order of the commission  *  *  *  may within 30 days from the issuance of such order and notice thereof commence an action in the circuit court in chancery for the county of Ingham, against the commission as defendant to vacate and set aside any such order."

Rule 2 of the Michigan public service commission* provides:

"Any person, firm, company, corporation or association,  *  *  *  or any body politic or municipal organization, may complain to the commission by petition or complaint, of anything done, or omitted to be done, by any public utility in the State, in viola-

---

* Michigan Administrative Code 1954, R 460.12, p 5605.—Reporter.

tion of the provisions of any law of the State which it is the duty of the commission to administer."

And rule 24 of the commission* provides:

"When a time of hearing of any complaint, petition, application, or other matter in which the general public is interested has been fixed, the secretary of the commission shall notify the interested municipality or locality by sending copies of the order of hearing fixing the date of hearing to the mayor of the city, president of the village, or the supervisor of the township, or other public authority. So far as possible, said copies of said hearing order shall be sent to each municipality which shall have any interest in the subject matter of the proceeding, and proof of the mailing of said copy of said order of hearing to such municipality shall be filed in the files of the case."

There is nothing in the above-quoted sections of the statute, or in the rules of the commission, that grants to the county of Wayne the right or authority to maintain this action in behalf of the residents of Wayne county.

It is the opinion of this Court that the legislature did not intend to grant to the counties a right such as Wayne county endeavors to exercise in this case. This right is definitely placed in the city, township or village affected. Granting a similar right to the county, which is a body politic composed of the cities, villages and townships, would be a duplication of grant which could and probably would create confusion. This Court is of the opinion that if either the legislature, or the Michigan public service commission endeavored to grant such authority to the counties, such a grant would be contrary to the express provisions of the Constitution.

---

* Michigan Administrative Code 1954, R 460.34, p 5610.—REPORTER.

The above decision makes it unnecessary to pass upon appellee's contentions that plaintiff's bill fails to state a cause of action; that plaintiff failed to exhaust its administrative remedies before the defendant commission prior to bringing the action herein; and that in prescribing rules and regulations for service rendered by a public utility, defendant commission performs a legislative function and is not required to give notice of the intended exercise of such power.

It is worthy of note in this case that a brief as *amicus curiae* for the city of Detroit and the city of Dearborn was filed requesting that this Court deny to the county of Wayne the right to represent residents and rate payers in public utility matters.

Judgment affirmed. No costs, a constitutional question being involved.

CARR, C. J., and BUTZEL, SMITH, SHARPE, BOYLES, REID, and DETHMERS, JJ., concurred.